Denied, without prejudice to renewal following receipt of the 8/28 submissions due in the 3 related cases. Denise Cote 8/10/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Metrom Rail, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Piper Networks, Inc.,<br><br>Defendant. | No. 1:25-cv-10417-DLC<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFF METROM RAIL LLC'S RENEWED MOTION FOR PRELIMINARY INJUNCTION

Under Federal Rule of Civil Procedure 65, 35 U.S.C. § 283, and the Court's order (Dkt. 116), Plaintiff Metrom Rail, LLC ("Metrom") respectfully renews its Motion for Preliminary Injunction against Defendant, Piper Networks, Inc. ("Piper"). On May 21, 2025, Metrom filed a Complaint (Dkt. 2) in the United States District Court for the District of Massachusetts seeking damages and preliminary and permanent injunctive relief against Piper and Massachusetts Bay Transportation Authority ("MBTA"), alleging infringement of its duly issued U.S. Patent No. 9,731,738 (the "Asserted Patent") in violation of 35 U.S.C. § 271. This case was transferred to the Southern District of New York on December 8, 2025 (Dkt. 62), resulting in the present case. Metrom previously filed a renewed motion for preliminary injunction, which was denied without prejudice pending resolution of proceedings in front of the Federal Circuit. Dkt. 116.

Metrom now renews its motion to enjoin Defendant Piper from offering its infringing solution sold to the MBTA to others, and using its infringing MBTA system as a reference design to seek future bids and contracts. Metrom has also learned, on information and belief, that Piper may not yet have enabled certain features claimed by the Asserted Patent. While Piper infringers the claims simply by making and selling the GLTPS with the claimed features, Metrom further requests that Piper be enjoined from implementing or "turning on" features covered by the Asserted Patent if not currently in use. As detailed in its Memorandum of Law, Metrom is likely to succeed on the merits of its infringement claims and faces irreparable harm due to competition from Piper's infringing system should Piper be allowed to leverage its infringement to support bids for the small number of customers and projects in this limited market. Further, the balance of hardship weighs in favor of Metrom, and public interest favors an injunction against Piper. As grounds for this Motion, Metrom relies on the facts set forth in its Amended Complaint, the Memorandum of Law filed in support of this Motion, and the papers accompanying this Motion.

Metrom requests that this Court allow the following schedule for targeted and expedited discovery:

1. Each side may serve upon each opposing party up to five (5) requests for the production of documents, serving such requests by August 26, 2026.

Responses to requests served will be due within fourteen (14) days of service or September 9, 2026, whichever is later.

Metrom further requests that the Court allow the following briefing schedule and hearing on Metrom's Motion for Preliminary Injunction:

1. Metrom shall present its declarants from this Motion for deposition by September 10, 2026.
2. Defendant shall file its responsive brief by October 2, 2026.
3. Defendant shall present any declarants from its response for deposition by October 16, 2026.
4. Metrom shall file its reply by October 29, 2026.
5. If Metrom submits new declarations with its reply, Metrom shall present those reply declarants for deposition by November 13, 2026.
6. If Metrom submits new declarations with its reply or other evidence, Defendant shall file any sur-reply by December 4, 2026.
7. Within two weeks after the deadline for Defendants to file their responsive brief, or at the Court's earliest convenience thereafter, the Court will schedule a hearing on Metrom's Motion for Preliminary Injunction.

WHEREFORE, Metrom respectfully requests an Order preliminarily enjoining Piper from further infringing Metrom's Asserted Patents through continued bids and offers to sell and develop devices based on its infringing GLTPS, implementing or "turning on" features covered by the '738 Patent if not currently in use, and any other relief this Court may deem just and proper.

Dated: August 10, 2026

Respectfully submitted,

By: *<u>/s/ Gregory C. Schodde</u>*

Gregory C. Schodde (admitted *pro hac vice*)
Rajendra A. Chiplunkar (admitted *pro hac vice*)
Christian H. Hallerud (admitted *pro hac vice*)
Andrew W. Mills (admitted *pro hac vice*)
**McAndrews, Held & Malloy, Ltd.**
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000

*Attorneys for Plaintiff, Metrom Rail LLC*